1  BURKHALTER KESSLER CLEMENT & GEORGE LLP
   Daniel J. Kessler, Esq., Bar No. 173710
2  Ros M. Lockwood, Esq., Bar No. 194718
   2020 Main Street, Suite 600
3  Irvine, California 92614
   Telephone:  (949) 975-7500
4  Facsimile:  (949) 975-7501

5  Attorneys for Defendant,
   Topware Interactive, Inc.
6

7                    UNITED STATES DISTRICT COURT

8           CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

9

10 INTERPLAY ENTERTAINMENT CORP.,          CASE No. CV-10-7168 DMG (JCGx)

11              Plaintiff,                  **NOTICE OF MOTION AND MOTION**

12      vs.                                 **TO BE RELIEVED AS COUNSEL;**
                                            **MEMORANDUM OF POINTS AND**
13 TOPWARE INTERACTIVE, INC.,               **AUTHORITIES IN SUPPORT**
14 SOUTHPEAK INTERACTIVE
   CORPORATION, and DOES 1-10,
15
                                            [Declaration of Daniel J. Kessler, Esq.
16              Defendants                  And (Proposed) Order Filed Concurrently
                                            Herewith]
17 ────────────────────────────
   SOUTHPEAK INTERACTIVE
18 CORPORATION,                             Date:  December 9, 2011
                                            Time:  9:30 a.m.
19              Cross-Plaintiff,            Courtroom:  7
20
        vs.
21
22 INTERPLAY ENTERTAINMENT CORP.,
   and DOES 1-10,
23
                Cross-Defendants
24

25

26

27

28

─────────────────────────────────────────────────────────────────────
NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO BE RELIEVED AS COUNSEL

**TO ALL DEFENDANTS AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on December 9, 2011, at 9:30 A.M., in Courtroom 7, located at 312 North Spring Street, Los Angeles, CA 90012, or as soon thereafter as the matter may be heard, current counsel for Defendant Topware Interactive, Inc. ("Defendant") will move this Court to withdraw as counsel of record in the above-referenced matter.

This motion is made on the basis that Defendant has been uncooperative and continuously failed to pay for services rendered during the representation of the defense.

The motion will be based on this notice of motion, on the declaration of Daniel J. Kessler, on the memorandum of points and authorities served and filed herewith, on the papers and records on file herein, and on such oral and documentary evidence as may be presented at the hearing of the motion.


DATED: November 15, 2011          BURKHALTER KESSLER CLEMENT & GEORGE LLP

By: _____
          Ros M. Lockwood, Esq.
          Attorneys for Defendant, Topware Interactive, Inc

1

# I.

# **INTRODUCTION**

This memorandum is submitted in support of the attached Motion to Withdraw as Counsel.  Burkhalter Kessler Clement & George, LLP ("BKCG") requests that the Court grant an order permitting it to withdraw as counsel for Defendant Topware Interactive, Inc. ("Topware").  An order permitting BKCG's withdrawal as counsel for Defendant is warranted on the grounds that (1) BKCG has been unable to communicate with Defendant and (2) Defendant has failed to secure payment for its representation.

# II.

# **STATEMENT OF FACTS**

On or about September 30, 2010, BKCG agreed to represent Topware in the above-captioned action.  In return, Topware agreed, among other things, to pay BKCG's legal fees and cooperate with BKCG.  A retainer agreement (the "Agreement") memorializing these contractual obligations was signed on September 30, 2010.  [Declaration of Daniel J. Kessler, ¶3].

After being retained by Defendant, BKCG regularly communicated with Defendant's contact person, Peter Schmitt, to apprise him of developments in the case and work done on Topware's behalf.  [Kessler Decl. ¶4].  Most of these communications occurred via email.  [Kessler Decl. ¶4].

For several months, Topware has been in breach of its contractual obligation to pay BKCG per the terms of the Agreement.  Despite detailed monthly invoices and additional reminders, Topware remains in breach of its Agreement.  [Kessler Decl. ¶5].  In addition, despite regular correspondence from BKCG, Topware has failed to communicate with BKCG, and cooperate with current counsel in defending itself in this action.  [Kessler Decl. ¶6].  In spite of Topware's lack of communication, BKCG has promptly sent Topware all documents received (including discovery), and kept Topware apprised of all deadlines in the case, [Kessler Decl. ¶8].  BKCG notified Topware that, as a corporation, it must retain counsel to

2

represent it in this action. [Kessler Decl. ¶9].

As stated in the attached declaration, Topware has breached the Agreement and has failed to cure that breach despite BKCG's numerous offers to allow Topware to do so. To date, BKCG continues to act and serve to duly and properly represent Defendant.

## III.

## ARGUMENT

**A.     BKCG's Motion to Withdraw as Counsel is Authorized Under Local Rules.**

The California Rules of Court for the Central District provide that "[a]n attorney may not withdraw as counsel except by leave of court.  An application for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all parties who have appeared in the action." *Local Rule 83-2.9.2.1.*  In the instant case, BKCG has given Defendants and the opposing parties notice of this Motion.

**B.     Defendant's Breach of the Retainer and Refusal to Communicate are Sufficient to Warrant This Court Allowing BKCG to Withdraw as Counsel.**

The Ninth Circuit generally permits counsel to withdraw when a client fails to make reasonable efforts to remain in contact with its attorneys and keep apprised of the status of its case. *See Virtual Vision, Inc. v. Praegitzer Industries, Inc.* 124 F.3d 1140, 1145 (9th Cir. 1997) (granting an attorney's motion to withdraw under circumstances and notices of deposition to the client by fax and mail without receiving any response from the client).  A client is "in part responsible for ensuring that he received communications from his attorney." *Id.* at 1144-1145.

In the present case, Defendant has refused to reliably communicate with BKCG since May of 2011.  Most recently, Defendant has refused to respond to BKCG's emailed communications dated October 26, November 1, 2, 3, 10 and 11. [Kessler Decl. ¶6].  As of the

3

filing of this Motion, Defendant has continued to refuse to communicate with counsel and has failed to make "reasonable effort" to remain in contact with BKCG.  Therefore, BKCG should be permitted to withdraw based on Defendant's lack of communication and cooperation in the case.

The Ninth Circuit has also permitted withdrawal based on a client's failure to pay attorney's fees. *Ringgold Corporation v. Worrall*, 880 F.2d 1138, 1140 (9th Cir. 1989) (permitting withdrawal of defense counsel where the client failed to pay his legal expense).  In this case, Defendant agreed pursuant to the Retainer to timely pay for services provided by BKCG. [Kessler Decl. ¶3].  Defendant has been in breach of the Retainer since May 2011 by failing to pay on its account.  It would be unreasonable and inequitable for BKCG to be forced to continue to work without pay, and its motion to withdraw should be granted.

**C.     This Motion Provides Topware Sufficient Notice that it Must Retain New Counsel to Defend It In the Current Action .**

BKCG has specifically informed Topware (in writing) that it must retain new counsel as a corporate defendant.  [Kessler Decl. ¶9].  Moreover, by way of this Motion, BKCG is also providing Topware notice that Topware must retain new counsel to represent it in this matter as a corporate defendant is not permitted to represent itself. See Local Rule 83-2.9.2.2 & 83-2.9.2.3.  Such notice has been held to satisfy Local Rule 83-2.9.2.3.[1] *Thompson v. Special Enforcement, Inc.* 2008 WL 4811404 (C.D. Cal. Oct. 27, 2008).  Within the last 60 days, BKCG called Defendant's Petaluma, California office and confirmed that its current mailing address is the address used by counsel to notice this Motion to Withdraw. [Kessler Decl. ¶11].  Through its general counsel, Mr. Schmitt, Topware also requested, on October 7,

---

[1]     Local Rule 83-2.9.2.3 provides, "Corporation or Unincorporated Associations. An attorney requesting leave to withdraw from representation of a corporation or unincorporated association shall give written notice to the corporation or unincorporated association of the consequences of its inability to appear *pro se[.]*"

2011 that communications be sent to Defendant's address in Germany.  In addition, as recently as October 26, 2011, BKCG has corresponded with Mr. Schmitt via email.  [Kessler Decl. ¶11].  This Motion has been served on Defendant at its Petaluma office, Germany office and via email to Peter Schmitt. [Kessler Decl. ¶12].

**D.      Defendant Has Ample Time to Obtain New Counsel and BKCG's Withdrawal Will Not Prejudice Its Defense of the Case.**

The above-captioned case is in the beginning stages of discovery and, therefore, once Defendant retains new counsel there will be ample time for new counsel to prepare the case for trial. [Kessler Decl. ¶10].  November 21, 2011 is the next date by which Defendant must file a Motion to Amend and add parties to the case.  November 23, 2011, is the current deadline for Defendant to provide written responses to discovery demands.  December 9, 2011, is the deadline by which the Court has ordered the parties to mediate the case. Defendant has been informed of all of these deadlines, and BKCG provided Defendant a copy of the Court's scheduling order. [Kessler Decl. ¶10].  Further, BKCG maintains its files in an organized fashion so that they will be easily transferred to new substitute counsel. [Kessler Decl. ¶10].  Based upon Defendants' failure to secure payment for its representation and lack of cooperation and communication in defending this action, there are sufficient grounds for the Court to grant BKCG's motion to withdraw.

**IV.**

**CONCLUSION**

Based on the foregoing reasons, BKCG respectfully requests that it's Motion to Withdraw as defense counsel for Defendant Topware Interactive, Inc.

5

DATED:  November 15, 2011        BURKHALTER KESSLER CLEMENT & GEORGE LLP

By: _____
    Ros M. Lockwood, Esq.
    Attorneys for Defendant,
    Topware Interactive, Inc.

6

## DECLARATION OF ELECTRONIC SERVICE

**Central District of California Case No. CV10-7168 DMG (JCGx)**

Service of the attached documents was accomplished pursuant to Central District of California, Order Authorizing Electronic Filing, General Order No. 08-03 and Local Rule 5.3-3, which provide in part: "Upon the electronic filing of a document, a Notice of Electronic Filing (NEF) is automatically generated by the CM/ECF system and sent by e-mail to all attorneys in the case who are registered as CM/ECF Users and have consented to electronic service. Service by this electronic NEF constitutes service pursuant to the Federal Rules of Civil and Criminal Procedure for all attorneys who have consented to electronic service."

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on November 15, 2011, at Irvine, California.

By: _/s/ Daniel J. Kessler_

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

       I am employed in the County of Orange, State of California.  I am over the age of 18 years and not a party to the within action; my business address is 2020 Main Street, Suite 600, Irvine, California 92614.

       On **November 15, 2011**, I caused the foregoing document described as **NOTICE OF MOTION AND MOTION TO BE RELIEVED AS COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**  to be served on the interested parties in this action **[X]** by placing **[ ]** the original **[X]** a true copy thereof enclosed in a sealed envelope addressed as stated on the attached service list.

   **[X]**    **BY MAIL**

       **[ ]** I deposited such envelopes in the mail at **Irvine, California**.  The envelopes were mailed via Certified Mail - Return Receipt Requested with postage thereon fully prepaid.

       **[X]** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  It is deposited with U.S. postal service on that same day in the ordinary course of business.  I am aware that, on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

   **[X]**    **BY ELECTRONIC TRANSMISSION**

       **[X]**   I sent via electronic transmission on this date a copy of the above-referenced document to the addressee stated on the attached Service List.

   **[ X ]**    **BY FACSIMILE**

       **[ X ]**   I sent via facsimile on this date a copy of the above-referenced document to the addressee stated on the attached Service List.

       **[ X ] (Federal)** I declare that I am employed in the office of a member of the bar of this  court at whose direction the service was made.

       Executed on **November 15, 2011**, at **Irvine, California**.

                                        SANDRA L. PETTIT

8

1

## SERVICE LIST

2

3    Christopher J. Nelson, Esq.
     Interplay Entertainment Corp.
4    12301 Wilshire Boulevard, Suite 502
     Los Angeles, CA 90025
5

6    ATTORNEY FOR PLAINTIFF
     INTERPLAY ENTERTAINMENT CORP.
7

8    Michael Hurey, Esq.
     Christopher J. Dugger, Esq.
9    Kleinberg & Lerner, LLP
     1875 Century Park East, Suite 1150
10   Los Angeles, CA 90067-2501

11   ATTORNEY FOR DEFENDANT
     SOUTHPEAK INTERACTIVE CORPORATION
12

13   Peter Schmitt
     TopWare Interactive AG
14   Rittnert Strasse 36
     D-76227 Karlsruhe
15   Germany
     Telephone No.:  +49 721 - 91 51 01 17
16   Facsimile No.:  +49 721 - 91 51 01 18
     Email Address: pschmitt@zuxxez.com
17

18   James Seaman
     Peter Schmitt
19   TopWare Interactive
     625 Second St., Suite 102
20   Petaluma, California 94552

21

22

23

24

25

26

27

28

**NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO BE RELIEVED AS COUNSEL**