KLEINBERG & LERNER, LLP
Michael Hurey (SBN 139,550)
Email: mhurey@kleinberglerner.com
Christopher J. Dugger (SBN 239,427)
Email: cdugger@kleinberglerner.com
Philip L. Nulud (SBN 245,147)
Email: pnulud@kleinberglerner.com
1875 Century Park East, Suite 1150
Los Angeles, CA 90067-3112
Telephone: 310-557-1511
Facsimile: 310-557-1540

Attorneys for Defendant
SOUTHPEAK INTERACTIVE CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTERPLAY ENTERTAINMENT CORP., <br><br> Plaintiffs, <br><br> v. <br><br> TOPWARE INTERACTIVE, INC., SOUTHPEAK INTERACTIVE CORPORATION, and Does 1 – 10, <br><br> Defendant. | CASE NO. CV-10-7168 DMG(JCGx) <br><br> **NOTICE OF MOTION AND MOTION TO BE RELIEVED AS COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** <br><br> [Declaration of Michael Hurey, Esq., Declaration of Philip Nulud, Esq. AND (Proposed) Order Filed Concurrently Herewith] <br><br> Date: March 16, 2012 <br> Time: 9:30AM <br> Courtroom: 7 |

**TO ALL DEFENDANTS AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on March 16, 2012, at 9:30A.M., in Courtroom 7, located at 312 North Spring Street, Los Angeles, CA 90012, or as

soon thereafter as the matter may be heard, Kleinberg & Lerner, LLP, counsel for Defendants SouthPeak Interactive Corporation and SouthPeak Interactive, Inc. will move this Court for an order permitting it to withdraw as counsel of record in the above-referenced matter. This motion is made on the basis that the Defendants have failed to pay for services rendered to it by K&L during its representation of them in this matter.

The motion will be based on this notice of motion, the declaration of Michael Hurey, the declaration of Philip Nulud, the memorandum of points and authorities served and filed herewith, the papers and records on file herein, and such oral and documentary evidence as may be presented at the hearing of the motion.

Pursuant to Local Rule 7 – 3, Philip Nulud contacted Plaintiff's Counsel Christopher Nelson and advised him of this instant motion. Declaration of Philip Nulud, ¶4.

Dated: February 17, 2012

Kleinberg & Lerner, LLP

_____
Michael Hurey
Christopher J. Dugger
Philip Nulud
Attorneys for Defendant
SouthPeak Interactive, Corporation

## I.

## INTRODUCTION

Kleinberg & Lerner, LLP ("K&L") requests that the Court grant an order permitting it to withdraw as counsel for Defendants SouthPeak Interactive Corporation and SouthPeak Interactive, Inc. (collectively "SouthPeak" or "Defendant"). An order permitting K&L's withdrawal as counsel of record is warranted on the grounds that Defendant has failed to pay K&L for its services rendered in defense of SouthPeak in this action.

## II.

## STATEMENT OF FACTS

On or about March 11, 2011, K&L agreed to represent SouthPeak in the present action. In return, SouthPeak agreed, among other things, to pay K&L's legal fees and cooperate with K&L. A retainer agreement (the "Agreement") memorializing these contractual obligations was signed on March 24, 2011. Declaration of Michael Hurey, ¶3.

K&L has honored its obligations under the Agreement. It has provided competent legal services to SouthPeak in the defense of the present action. K&L regularly communicated with SouthPeak and kept it apprised him of developments in the case and work done on SouthPeak's behalf. Hurey Decl. ¶4.

For months, SouthPeak has been in breach of its contractual obligation to pay K&L pursuant to the terms of the Agreement. Despite detailed monthly invoices and additional reminders, SouthPeak remains in breach of its Agreement. Hurey Decl. ¶5. In spite of these facts, K&L has kept SouthPeak advised of the status of the case, and all deadlines in the case, Hurey Decl. ¶9. K&L notified SouthPeak that, as a corporation, it must retain counsel to represent it in this action. Hurey Decl. ¶7.

On February 15, 2012, Terry Phillips of SouthPeak, called Michael Hurey and advised him that they could not pay their bills and would be retaining new counsel.

NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO BE RELIEVED AS COUNSEL

Hurey Decl. ¶8.

As stated in the attached declaration, SouthPeak has breached the Agreement and has failed to cure that breach despite K&L's numerous offers to allow SouthPeak to do so. To date, K&L continues to act and serve to duly and properly represent Defendant.

## III.
## ARGUMENT

### A. K&L's Motion to Withdraw as Counsel is Authorized Under Local Rules.

The California Rules of Court for the Central District provide that "[a]n attorney may not withdraw as counsel except by leave of court. An application for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all parties who have appeared in the action." *Local Rule 83-2.9.2.1.* In the instant case, K&L has given notice of this Motion to SouthPeak and all other parties in this action.

### B. SouthPeak's Breach of the Agreement is Sufficient to Warrant This Court Allowing K&L to Withdraw as Counsel.

The Ninth Circuit has permitted withdrawal based on a client's failure to pay attorney's fees. *Ringgold Corporation v. Worrall,* 880 F.2d 1138, 1140 (9th Cir. 1989) (permitting withdrawal of defense counsel where the client failed to pay his legal expense). In this case, SouthPeak agreed to timely pay for services provided by K&L. Hurey Decl. ¶3. Defendant has been in breach of the Retainer since December, 2011 by failing to pay on its account. It would be unreasonable and inequitable for K&L to be forced to continue to work without pay, and its motion to withdraw should be granted.

### C. This Motion Provides SouthPeak Sufficient Notice that it Must Retain New Counsel to Defend It In the Current Action.

K&L has specifically informed SouthPeak (in writing) that it must retain new counsel as a corporate defendant. Hurey Decl. ¶9. Moreover, by way of this Motion, K&L is also providing SouthPeak notice that SouthPeak must retain new counsel to represent it in this matter as a corporate defendant is not permitted to represent itself. See Local Rule 83-2.9.2.2 & 83-2.9.2.3. Such notice has been held to satisfy Local Rule 83-2.9.2.3. *Thompson v. Special Enforcement, Inc.* 2008 WL 4811404 (C.D. Cal. Oct. 27, 2008).

This Motion has been served on SouthPeak at its office and via email to Mr. Terry Phillips. Mr. Philips is the chairman of the board of SouthPeak and is K&L's primary contact person at the company. Hurey Decl. ¶4.

### D. Defendant Has Ample Time to Obtain New Counsel and K&L's Withdrawal Will Not Prejudice Its Defense of the Case.

Once Defendant retains new counsel there will be ample time for new counsel to prepare the case for trial. March 19, 2012 is the next date by which Defendant must file a Motion. April 24, 2012, is the deadline by which the Court has ordered the parties to settle the case. K&L has provided Defendant a copy of the Court's scheduling order. Hurey Decl. ¶9. Further, K&L maintains its files in an organized fashion so that they will be easily transferred to new substitute counsel. Hurey Decl. ¶9. Based upon Defendants' failure to pay its legal fees in defending this action, there are sufficient grounds for the Court to grant K&L's motion to withdraw.

NOTICE OF MOTION AND MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO BE RELIEVED AS COUNSEL

## IV.

## CONCLUSION

Based on the foregoing reasons, K&L respectfully requests that its Motion to Withdraw as defense counsel for Defendant SouthPeak Interactive, Inc. be granted.

Dated: February 17, 2012          Kleinberg & Lerner, LLP

          Michael Harey
          Christopher J. Dugger
          Philip Nulud
          Attorneys for Defendant
          SouthPeak Interactive, Corporation

# DECLARATION OF ELECTRONIC SERVICE

Central District of California Case No. CV10-7168 DMG(JCGx)

Service of the attached document was accomplished pursuant to Central District of California, Order Authorizing Electronic Filing, General Order no. 08-03 and Local Rule 5.3-3, which provide in part: "Upon the electronic filing of a document, a Notice of Electronic Filing (NEF) is automatically generated by the CM/ECF system and sent by e-mail to all attorneys in the case who are registered as CM/ECF Users and have consented to electronic service. Service by this electronic NEF constitutes service pursuant to the Federal Rules of Civil and Criminal Procedure for all attorneys who have consented to electronic service."

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on February 17, 2012, at Los Angeles, California

By:/s/*Philip L. Nulud*
Philip L. Nulud

## PROOF OF SERVICE

I, the undersigned, am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the instant action. My business address is KLEINBERG & LERNER, LLP, 1875 Century Park East, Suite 1150, Los Angeles, CA 90067.

On February 17, 2012, I served a copy of the following document:

**Notice of Motion and Motion to Be Relieved as Counsel;**
**Memorandum of Points and Authorities in Support;**

on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

| | |
|---|---|
| Christopher J. Nelson, Esq.<br>INTERPLAY ENTERTAINMENT CORP.<br>12301 Wilshire Boulevard, Suite 502<br>Los Angeles, CA 90025 | Attorneys for Plaintiff<br>INTERPLAY ENTERTAINMENT CORP. |
| Terry Philips<br>SouthPeak Interactive Corporation<br>2900 Polo Parkway<br>Midlothian, VA 23113 | Defendants<br>SouthPeak Interactive Corporation<br>SouthPeak Interactive, Inc. |

XX    (BY MAIL IN THE ORDINARY COURSE OF BUSINESS) I am readily familiar with the business' practice for the collection of and processing of correspondence for mailing with the United States Post Office Service and the fact that the correspondence would be deposited with the United States Postal Service that same day in the ordinary course of business; on this date, the above-referenced document was placed for deposit at Los Angeles, California and placed for collection and mailing following ordinary business practices.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 17, 2012 at Los Angeles, California.

_____
Myriam Kulig